IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DENNIS W. DEBERRY,                )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     1:08CV582
                                  )
LEARY DAVIS, et al.,              )
                                  )
            Defendants.           )


**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on four related motions: (1) Defendants' motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure,[1] (2) Defendants' motion to strike Plaintiff's response to the motion to dismiss, (3) Defendants' motion to supplement the motion to dismiss based on subsequently decided authority, and (4) Plaintiff's motion to strike Defendants' motion to supplement pursuant to Rule 12(f). Because the latter three motions question whether the Court should consider certain materials in deciding Defendants' motion to dismiss, the Court will consider these matters first.

The facts underlying all four motions are as follows. In October 2005, Plaintiff applied for admission to Elon University School of Law ("Elon"). He was placed on the school's waiting list in January 2006 before ultimately being denied admission in August

---

[1] While Defendants ostensibly move for dismissal under Rule 12(b)(1) as well as Rule 12(b)(6), their motion and accompanying brief discuss only the latter rule. Accordingly, the Court's discussion also will be limited to whether the Complaint fails to state a claim.

of that year. On or about August 11, 2006, Plaintiff met with Elon's Associate Dean of Admissions, Defendant Alan Woodlief, to discuss the reasons that his application had been denied. According to the Complaint, Woodlief told Plaintiff that his application "would be favorably considered" if he successfully obtained his Associate's Degree in Paralegal Technology from Guilford Technical Community College ("GTCC"). (Compl. ¶ 8.) Immediately thereafter, Plaintiff enrolled in GTCC's four semester Paralegal Program, from which he graduated in 2008 with a 3.4 grade point average.[2] Plaintiff alleges that his sole reason for enrollment in the program was his intention to attend Elon. Unfortunately, when Plaintiff reapplied to Elon for the 2007-2008 academic year, he was again denied admission.

In bringing the present action, Plaintiff claims that his race, which is African-American, has prevented his admission to Elon due to "defendants' custom, policy and practices of denying admission to students of non-Caucasian race." (Compl. ¶ 23.) He bases this allegation on approximately four visits to Elon's campus, where he did not personally observe any African-American students or faculty members. Thus, Plaintiff now claims that Defendants refusal to admit him violates the Civil Rights Acts of

---

[2]Plaintiff also alleges that he had previously "received a Baccalaureate Degree with honors from North Carolina A&T University . . . [and had] taken the Law School Admissions Test." (Compl. ¶ 7.) However, the Complaint does not include his grade point average or LSAT score.

1866, 42 U.S.C. § 1981, and 1964, 42 U.S.C. § 2000a, as well as the Thirteenth and Fourteenth Amendments of the United States Constitution.

## **Discussion**

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate when "the pleadings do not disclose 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 & 304 (4th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must construe all allegations in the pleadings in the plaintiff's favor, but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The requirement that a *pro se* complaint be liberally construed does not diminish this standard. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). In all cases, substantive, non-conclusory factual allegations must support the plaintiffs' claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007).

For purposes of this case, it is particularly notable that the Court cannot consider matters outside the pleadings or resolve factual disputes without converting Defendants' motion into one for summary judgment under Fed. R. Civ. P. 56. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). This is because a motion to dismiss for failure to state a claim questions the legal sufficiency of the complaint itself; it is not designed

to test the strength of outside evidence.  Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1109 (4th Cir. 1993).  Accordingly, Defendants move to strike new facts asserted by Plaintiff in his response to the motion to dismiss.  These facts include Plaintiff's statement that he "scored within an acceptable range" on the LSAT as well as several claims that his completion of GTCC's Paralegal Program would "guarantee" his admission to Elon based on the assertions of Defendant Woodlief.  Because the Court agrees that Plaintiff cannot, through a responsive brief, introduce new facts in support of his claims, these statements must be stricken.[3]  They will not be considered by the Court as it weighs the sufficiency of the Complaint.

The second pending motion to strike, Plaintiff's motion to strike Defendants' motion to supplement the motion to dismiss, is far more problematic.  First, as Defendants correctly note, motions to strike cannot properly be used to strike other motions.  See, e.g., Knight v. United States, 845 F. Supp. 1372, 1374 (D. Ariz.), aff'd, 77 F.3d 489 (7th Cir. 1993).  Motions to strike under Fed. R. Civ. P. 12(f) apply exclusively to pleadings, which do not include motions or memoranda.  See Fed. R. Civ. P. 7(a).  This being said, the argument supporting Plaintiff's motion is not without merit.  Plaintiff correctly states that, under Local Rule 7.3(i), a party may not submit additional arguments along with the

---

[3]In taking this approach, the Court opts not to convert Defendants' motion to dismiss into one for summary judgment.

-4-

proposed supplemental authority.  Rather, that party is limited to the citation of the published case.

Here, in contrast, Defendants have filed an eight-page brief arguing the applicability of the suggested case in further support of its motion to dismiss.  To justify this filing, they argue that the supplemental memorandum is in compliance with Local Rule 7.3 because it does not exceed the total allowable page limit when considered together with their original supporting memorandum.  The Court finds no such loophole in the clear, "no argument" language of Local Rule 7.3(i).  Defendants violated the rule, and their arguments must be stricken.[4]  The Court will not, however, ignore the Supreme Court's recent decision in <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937 (2009), which clarifies the legal standards set forth in <u>Twombly</u>, particularly in the context of discrimination suits, and is highly relevant to the case at hand.

Having decided the preliminary motions, the Court now proceeds to Defendants' motion to dismiss.  As set forth by Defendants, the alleged grounds for dismissal are as follows:  (1) schools are not places of public accommodation as defined by 42 U.S.C. § 2000a, (2) Plaintiff does not assert that Defendants' conduct was intentionally discriminatory as required by 42 U.S.C. § 1981, (3) there is no state action as required to sustain claims under the Thirteenth and Fourteenth Amendments, (4) no factual allegations support a Thirteenth Amendment claim, and (5) Plaintiff's

---

[4]The Court is entitled to strike Defendants' arguments *sua sponte*, notwithstanding the technical errors in Plaintiff's motion to strike.

allegations are insufficient to support class certification.  Each of these grounds will be discussed in turn.

Defendant first argues that Plaintiff's civil rights claim under 42 U.S.C. § 2000a fails because the statute does not apply to schools.  This Court agrees.  Under 42 U.S.C. § 2000a, individuals are entitled "to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  Notably, section (b) of this statute contains a comprehensive list of establishments which are considered "places of public accommodation."  Schools, be they public or private, are conspicuously absent from this list.  This does not mean, of course, that plaintiffs are barred from bringing any sort of civil rights action against schools with discriminatory practices; it simply means that their cause of action arises under another statute.  See Watson v. Fraternal Order of Eagles, 915 F.2d 235, 240 (6th Cir. 1990)(citing Runyon v. McCrary, 427 U.S. 160, 172 n.10 (1976))("[E]ven though private schools do not fall under the provisions of Title II, a suit against them under § 1981 is not inconsistent with Title II.").  In light of this finding, Plaintiff's claim under 42 U.S.C. § 2000a cannot survive Defendants' motion to dismiss.

Unfortunately for Plaintiff, his additional civil rights claim under 42 U.S.C. § 1981 faces a different, but equally fatal, flaw. To show a violation of § 1981, Plaintiff must allege purposeful

-6-

discrimination.  General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1992).  This requires more than conclusory statements or unwarranted inferences.  "Under Fed. R. Civ. P. 12(b)(6), bare allegations that negative consequences occurred because one is black . . . do not satisfy the level of pleading required to state a claim of intentional racial discrimination." Roberson v. Bowie State University, 899 F. Supp. 235, 238 (D. Md. 1995).  Rather, Plaintiff must allege specific conduct by Defendants which, if true, would amount to purposeful discrimination.  Id.

Here, the Complaint contains several allegations that Defendants' refusal to admit Plaintiff was "willful, intentional, malicious, and reckless" and that Defendants had a "custom, policy and practice[] of denying admission" to non-caucasian students. (See Compl. ¶¶ 23-24.)  It does not, however, contain any facts to support these conclusions.  The only allegation relating to race at all is Plaintiff's assertion that he has not personally observed any African-American students or faculty members at Elon.  (Compl. ¶ 17.)  The Complaint does not include any statistics regarding Elon's pool of applicants and accepted students or demonstrate that Plaintiff's own numbers (and those of other non-accepted black applicants) fell in the latter range.  Without such information, or

-7-

other facts indicating that Plaintiff's race played any role in his denial, the pending § 1981 claim must be dismissed.[5]

In their third ground for dismissal, Defendants argue that Plaintiff fails to allege state action as required to sustain claims under the Thirteenth and Fourteenth Amendments. For the following reasons, the Court grants dismissal in part. There is no question that "[s]tate action is a threshold issue in a Fourteenth Amendment Claim." Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984)(emphasis added). This means that "the party charged with the deprivation [under that amendment] must be a person who may fairly be said to be a state actor." Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Significantly for purposes of this case, the Supreme Court has held that private schools, even those which receive significant state funding and regulation, do not qualify as state actors. See Rendell-Baker v. Kohn, 457 U.S. 830 (1982). Thus, Defendant Elon and its administrators cannot be held liable for deprivations under the Fourteenth Amendment.

The Thirteenth Amendment, however, is a different story.

> The only clause in the Constitution that directly regulates the conduct of private citizens is the Thirteenth Amendment, which "is not a mere prohibition of state laws establishing or upholding slavery, but an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States."

---

[5] Defendants' also argue that Plaintiff fails to make specific allegations against each of the named Defendants as required for individual liability under § 1981. This argument provides an additional basis for dismissal of Plaintiff's claim.

-8-

Afanwi v. Mukasey, 526 F.3d 788, 798 n.39 (2008)(quoting Civil Rights Cases, 109 U.S. 3, 20 (1883)). Therefore, the absence of state action does not bar Plaintiff's Thirteenth Amendment claim. This being said, it is also clear that Plaintiff has provided no factual basis for such a claim, as Defendants' argue in their fourth basis for dismissal. Indeed, the Complaint is wholly devoid of any allegation that Defendant was forced into involuntary servitude "by the use or threatened use of physical restraint or injury, or by the use of coercion through law or the legal process." United States v. Kozminski, 487 U.S. 931, 948 (1998). For this reason, Plaintiff's Thirteenth Amendment allegations merit dismissal under Rule 12(b)(6).

As a final matter, the Court need not reach Defendants' argument that Plaintiff's allegations are insufficient to support class certification. While the Court agrees that Plaintiff has not met the substantive requirements for such certification, the issue is moot given the dismissal of all of Plaintiff's underlying claims.

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (docket no. 19) be granted and that Judgment be entered dismissing this action.

**IT IS FURTHER ORDERED** that Defendants' motion to strike (docket no. 26) is granted and that Defendants' motion to supplement the motion to dismiss (docket no. 31) and Plaintiff's motion to strike (docket no. 32) are denied.

                                    /s/ Donald P. Dietrich
                                    **Donald P. Dietrich**
                            **United States Magistrate Judge**

September 30, 2009