```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENNIS W. DEBERRY,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    1:08CV582
                              )
LEARY DAVIS, et al.,          )
                              )
          Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Strike (Docket Entry 37) and Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry 40). For the reasons that follow, the Court will deny both motions.

### BACKGROUND

Plaintiff filed a pro se Complaint in this Court alleging various causes of action related to his failure to secure admission to Elon University School of Law ("the Law School") on two occasions. (Docket Entry 1.) Specifically, Plaintiff alleged that Defendants violated 42 U.S.C. §§ 1981 and 2000a, as well as the Thirteenth and Fourteenth Amendments to the United States Constitution, by denying him "admission because of his race, African-American" and because of "defendants' custom, policy and practices of denying admission to students of non-Caucasian race." (Id. at 5.) In support of the foregoing claims of racial discrimination, Plaintiff offered these factual allegations:

1) at the time he applied to the Law School, Plaintiff "had received a Baccalaureate Degree with honors from North Carolina A&T

State University, taken the Law School Admissions Test ["LSAT"], and was an Honorably Discharged Marine" (id. at 3);

2) after Plaintiff's initial denial of admission, Defendant Alan Woodlief "indicated to Plaintiff that plaintiff's application for law school admission would be favorably considered upon his successful completion of the Guilford Technical Community College [hereinafter 'GTCC'] Associate's Degree in Paralegal Technology" (id. at 3 (brackets and enclosed material in original));

3) thereafter, "Plaintiff graduated [from GTCC's Paralegal Technology program] with a cumulative 3.4 grade point average and was graduated in the top ten percent of his class" (id. at 4);

4) "[o]n the approximately four occasions that Plaintiff has had an opportunity to visit the Elon Law School and physically observe the student and faculty population, he has observed no African-American students or faculty members" (id. at 5);

5) "Plaintiff believes that his manner of afro-centric dress and personal style is non-conservative and non-traditional and this may have impacted upon the decision to deny his admission to a white conservative law school" (id.);

6) "Plaintiff is a member of a minority group" (id.);

7) "Plaintiff was qualified and applied for admission as a student in the law school" (id.); and

8) "Plaintiff was replaced with a person who was not a member of a minority group" (id.).

Defendants moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  (Docket Entry 19.)  In his response to that motion (Docket Entry 23), Plaintiff made factual allegations that had not appeared in his Complaint, notably that:

    1) he "scored within an acceptable range" on the LSAT (id. at 1); and

    2) Defendant Woodlief's statements caused Plaintiff to believe that successful completion of GTCC's Paralegal Technology program would "guarantee" Plaintiff admission to the law school (id. at 2).

    Defendants moved to strike those allegations as outside the four corners of the Complaint and thus not a proper part of the Court's analysis at the dismissal stage.  (Docket Entry 26.)  At the close of all briefing, United States Magistrate Judge Donald P. Dietrich granted said motion to strike and recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim. (Docket Entry 34.)  As grounds for said recommendation of dismissal, Magistrate Judge Dietrich cited the following:

    1) Plaintiff's claim under 42 U.S.C. § 2000a fails as a matter of law "because the statute does not apply to schools" (id. at 6);

    2) Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law because the Complaint sets out only conclusory allegations of racial bias and fails to identify concrete factual circumstances that, if proven, would establish purposeful, race-based discrimination (id. at 6-8);

    3) Plaintiff's claim under the Fourteenth Amendment fails as a matter of law because the Complaint does not allege facts that, if proven, would establish state action (id. at 8); and

4) Plaintiff's claim under the Thirteenth Amendment fails as a matter of law because the Complaint does not contain factual allegations that, if proven, would tend to establish that Defendants enslaved Plaintiff or subjected him to involuntary servitude (id. at 8-9).

Plaintiff filed objections to Judge Dietrich's recommendation (Docket Entry 36) and Defendants responded to those objections (Docket Entry 39). Defendants also filed a motion to strike portions of the objections. (Docket Entry 37.) In that motion, Defendants:

> contend that the Court should strike the following statements offered by Plaintiff [in his objections].
>
> - "The Defendants [sic] receives scholarships and grants from various federal and state entities...." [DE # 36, ¶ 15];
>
> - "... Defendants receives [sic] federal and state funding." [DE # 36, ¶ 18];
>
> - "The Plaintiff contends that Associate Dean Woodlief purposely advised him to attend GTCC's Paralegal Program with no intention of admitting him." [DE # 36, ¶ 21].
>
> These statements made by Plaintiff are outside the pleadings. Plaintiff must rely solely on the allegations in his Complaint and may not assert "new" allegations to bolster his case. Defendants do not wish to convert their Motion to Dismiss to a Motion for Summary Judgment.

(Id. at 1 (brackets and enclosed material in original).) Plaintiff did not respond to said motion.

Plaintiff, however, did move for leave to file an amended complaint. (Docket Entry 40.) According to Plaintiff's brief filed in support of said motion:

-4-

The proposed amendment seeks to add four (4) additions to his Statement of Claim.

    1. The Plaintiff "scored within an Acceptable range" (referencing to his LSAT Score);

    2. Plaintiff's application would be "more favorably considered" by Associate Dean Allan [sic] Woodlief.

    3. "Indeed Plaintiff was led to believe that successful completion of the Paralegal Program would guarantee him admission to Elon University School of Law.

    4. Plaintiff "fully believed he would be admitted to the program based on the assertions of Associate Dean Allan [sic] Woodlief.

(Docket Entry 41 at 1 (capitalization of "Acceptable" in item one and unmatched quotation marks in items three and four as in original).) Defendants responded in opposition on grounds of futility, delay, and prejudice. (Docket Entry 43.)

## DISCUSSION

The Court first considers Plaintiff's motion seeking to amend his Complaint. Given the current procedural posture of the case, the Federal Rules of Civil Procedure ("the Rules") provide that Plaintiff "may amend [his Complaint] only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Said rule further directs that "[t]he court should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend include "futility of amendment." Id.

-5-

"An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prod., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004). A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)
(continued...)

-6-

In his instant motion, Plaintiff proposes to add four new factual allegations to his Complaint.[2] The Court concludes that this additional "factual matter," id., would not save Plaintiff's claims from the defects correctly identified in Magistrate Judge Dietrich's recommendation. Because the proposed new allegations do not result in Plaintiff having any viable claim, this amendment would be futile and therefore should be denied.

First, Magistrate Judge Dietrich concluded that Plaintiff's claim under 42 U.S.C. § 2000a fails as a matter of law "because the statute does not apply to schools." (Docket Entry 34 at 6.) Plaintiff's four proposed new allegations do not permit him to overcome that legal impediment (properly identified by Magistrate Judge Dietrich, see 42 U.S.C. § 2000a(b) (listing "public

---

[1](...continued)
(internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)).

[2] As noted above, Plaintiff describes the proposed additions as follows:

1. The Plaintiff "scored within an Acceptable range" (referencing to his LSAT Score);
2. Plaintiff's application would be "more favorably considered" by Associate Dean Allan [sic] Woodlief.
3. "Indeed Plaintiff was led to believe that successful completion of the Paralegal Program would guarantee him admission to Elon University School of Law.
4. Plaintiff "fully believed he would be admitted to the program based on the assertions of Associate Dean Allan [sic] Woodlief.

(Docket Entry 41 at 1 (capitalization of "Acceptable" in item one and unmatched quotation marks in items three and four as in original).)

accommodations" covered by § 2000a without making reference to schools); <u>Runyon v. McCrary</u>, 427 U.S. 160, 172 n.10 (1976) ("Title II of the Civil Rights Act of 1964 [i.e., § 2000a] . . . does not by its terms reach private schools."); <u>Harless v. Darr</u>, 937 F. Supp. 1351, 1354 (S.D. Ind. 1996) ("[S]chools [a]re not 'public accommodations' within the meaning of Title II of the Civil Rights Act of 1964.")). This claim therefore remains non-viable notwithstanding Plaintiff's proposed amendment.

Magistrate Judge Dietrich also determined that Plaintiff's claim under the Fourteenth Amendment cannot go forward because the Complaint fails to allege facts that, if proven, would show state action. (<u>Id.</u> at 8.) Plaintiff's four proposed new allegations would not tend to establish state action (which Magistrate Judge Dietrich rightly denominated as a requirement for a Fourteenth Amendment claim, <u>see</u> <u>Shelley v. Kraemer</u>, 334 U.S. 1, 13 (1948) (observing that Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful")). Even if amended in the manner Plaintiff proposes, said claim thus still would not survive under Rule 12(b)(6).

In addition, Magistrate Judge Dietrich adjudged Plaintiff's claim under the Thirteenth Amendment deficient as a matter of law because the Complaint lacks factual contentions that, if true, would show that Defendants enslaved Plaintiff or subjected him to involuntary servitude. (<u>Id.</u> at 8-9.) The newly proposed allegations of fact, even if accepted as true, would not make out a claim that Defendants enslaved Plaintiff or subjected him to

-8-

involuntary servitude (which, as Magistrate Judge Dietrich correctly noted, is the standard for Thirteenth Amendment claims, see Herndon v. Chapel Hill-Carrboro City Bd. of Educ., 89 F.3d 174, 180-81 & n.3 (4th Cir. 1996) (holding that Thirteenth Amendment prohibits only compulsory labor "akin to African slavery" enforced by "physical or legal coercion")). The proposed amendment therefore would not allow Plaintiff to state that claim either.

Finally, Magistrate Judge Dietrich determined that Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law because the Complaint sets out only conclusory allegations of racial bias and does not identify concrete factual circumstances that, if proven, would show purposeful, race-based discrimination. (Id. at 6-8.)[3]

---

[3] Magistrate Judge Dietrich properly highlighted purposeful discrimination based on race as a requirement for claims under § 1981. "Section 1981 establishes that 'all persons have the same right to make and enforce contracts as is enjoyed by white citizens.'" Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006) (quoting 42 U.S.C. § 1981) (internal brackets and ellipses omitted). Accordingly, "[f]or a § 1981 discrimination claim, [a plaintiff] must allege that he is a member of a racial minority; that the defendants' [refusal to make and enforce a contract with said plaintiff] was because of his race; and that their discrimination was intentional." Jordan v. Alternative Resources Corp., 458 F.3d 332, 345 (4th Cir. 2006) (internal emphasis omitted). See also Iqbal, 129 S. Ct. at 1948 ("Where the claim is invidious discrimination . . . the plaintiff must plead and prove that the defendant acted with discriminatory purpose. . . . [P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." (internal brackets, citations, and quotation marks omitted)). Moreover, even at the pleading stage, "a § 1981 discrimination claim [will be deemed] deficient . . . [if it only] conclusorily states that the defendants violated § 1981 because race was a motivating factor in [the defendants' refusal to make or enforce a contract with the plaintiff]." Jordan, 458 F.3d at 346 (emphasis added). See also Iqbal, 129 S. Ct. at 1948-49 ("[T]o state a claim based on [invidious discrimination], [a plaintiff] must plead sufficient factual matter to show that [defendants] adopted and implemented the [allegedly discriminatory] policies at issue not for a neutral, [non-race-based] reason but for the purpose of discriminating on
(continued...)

Case 1:08-cv-00582-WO-LPA   Document 48   Filed 04/19/10   Page 9 of 17

For the reasons that follow, Plaintiff's proposed supplementary factual material does not change that analysis.

With his first new allegation of fact, Plaintiff seeks to bolster his description of his qualifications for admission to the Law School by asserting that he not only took the LSAT, but "scored within an acceptable range." This vague allegation does not save Plaintiff's § 1981 claim because it offers no basis for finding purposeful, race-based discrimination. As an initial matter, Plaintiff has not alleged to whom his LSAT score was "acceptable." This ambiguity makes the allegation virtually meaningless. Further, Plaintiff has not alleged that, during the years he was denied admission, the Law School admitted applicants of other races who achieved the same or lesser LSAT scores. Without such context, Plaintiff's allegation cannot state a claim of discrimination. See Falegon v. Thomas, No. 5:09-CV-317-BR, 2009 WL 3415665 (E.D.N.C. Oct. 22, 2009) (unpublished) ("[P]laintiff has alleged nothing about the circumstances under which he was rejected to give rise to an inference of unlawful discrimination . . . . For example, plaintiff does not allege any information about the qualifications . . . of the person(s) ultimately hired. Without more, plaintiff has failed to state a claim . . . .").

Plaintiff's final three proposed new allegations similarly fail to make his § 1981 claim viable. All three proposals relate to Plaintiff's alleged interaction with Defendant Woodlief

---

[3](...continued)
account of race . . . ." (emphasis added)).

regarding the paralegal program.  Even if, as Plaintiff alleges, Defendant Woodlief stated that completing said program would improve Plaintiff's chances of admission to the Law School, the fact that Defendants later denied Plaintiff admission despite this recommended burnishing of his resume would not support an inference that said denial occurred due to purposeful racial discrimination. Without so much as an allegation that, during the year in question, Defendants admitted applicants of other races who completed the paralegal program, no reasonable person could infer that Defendants' failure to admit Plaintiff stemmed from racial animus.[4]

In this respect, Plaintiff's proposed allegations regarding his LSAT score and the paralegal program suffer from the same defect as does his Complaint more generally:  the facts Plaintiff alleges, even if construed in the light most favorable to him, do not support a <u>reasonable</u> inference that Defendants denied him admission to the Law School based on his race.  Plaintiff's Complaint sets out a fairly detailed account of his attempt to secure admission to the Law School, including his interaction with Defendant Woodlief; however, this account affords no basis to travel from Point A (the point at which he has alleged facts that

---

[4] Moreover, Plaintiff's conclusory allegations as to the subjective belief he formed about the effect completion of the paralegal program would have on his law school admission prospects add nothing to this equation.  Even if Plaintiff reasonably inferred that Defendant Woodlief "guaranteed" Plaintiff admission to law school upon his completion of the paralegal program (and, given the conclusory nature of the allegation on this point, the Court lacks any basis to determine the reasonableness of Plaintiff's deductions from Defendant Woodlief's words), Defendants' subsequent failure to honor that "guarantee" would not warrant a conclusion that said failure resulted from racial bias.

-11-

show he is an African-American applicant denied admission to the Law School) to Point B (the point at which he has alleged facts that show he is an African-American applicant denied admission to the Law School because of his race). As long as Plaintiff remains at Point A, his discrimination claim cannot proceed. See Carpenter v. County Sch. Bd., Fairfax County, 107 Fed. Appx. 351, 351-52 (4th Cir. 2004) ("We find [the plaintiff] failed to allege sufficient facts in support of his [discrimination] claim to defeat a motion to dismiss. [The plaintiff] did nothing more than state that he was in a protected class and that he suffered adverse [action].").

Even at the pleading stage, Plaintiff cannot bridge this gap between Point A and Point B by speculation. See Jordan, 458 F.3d at 346-47 ("In [Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)], the plaintiff pleaded that her employer discriminated against her because of her race and sex. Yet she supported this allegation with a story . . . which did not seem to have anything to do with gender [or] race . . . . Construing the *Bass* plaintiff's complaint in her favor, we were unable to determine how her story involved any discrimination because of her race and sex. [Here, the plaintiff's] count for a § 1981 discrimination claim is similarly deficient. The count conclusorily states that the defendants violated § 1981 because race was a motivating factor in [their actions]. Yet the 24 paragraphs of facts that are made part of that count provide no support for the violation, just as was the case in *Bass*. Like the district court, we cannot discern in his claim any way that [the

-12-

plaintiff's] race factored into [the defendants' actions]." (internal citations and quotation marks omitted)); Dolgaleva v. Virginia Beach City Pub. Sch., No. 08-1515, 2010 WL 325957, at *6 (4th Cir. Jan. 29, 2010) (unpublished) (stating that plaintiffs cannot rely on "unwarranted inferences" or "unreasonable conclusions" to overcome Rule 12(b)(6) motions).

The decision in Barksdale v. Nationwide Mut. Ins. Co., No. 4:06CV43, 2007 WL 200955 (W.D. Va. Jan. 23, 2007) (unpublished), further illuminates the deficiency of Plaintiff's Complaint:

> An element of § 1981 claims is purposeful discrimination. In this case, [the plaintiff] has only stated cursory allegations that [the defendant] discriminated against her and intended to do so. <u>She has failed to allege any facts that might support an inference of purposeful discrimination or that she was treated differently than any similarly situated [person]</u>.
>
> The Fourth Circuit's holding in *Bass* is analogous to this case. In *Bass*, the court held that a hostile work environment claim failed to state a cause of action. In that case, the complaint "was full of problems the plaintiff experienced with her co-workers and supervisors. These facts, however, do not seem to have anything to do with gender, race, or age harassment." Like the plaintiff in *Bass*, [the plaintiff here] has plead [sic] a <u>sufficiently detailed account of her difficulties</u> with [the defendant]. <u>However, she has not pled any facts which link those difficulties with racial discrimination</u>. Therefore, her claim is not sufficient to survive a 12(b)(6) motion.

Id. at *3 (quoting Bass, 324 F.3d at 765) (emphasis added).

In this case, as discussed above, Plaintiff has not even alleged in summary fashion that he "was treated differently than any similarly situated" applicant from outside his protected class, much less pleaded underlying "facts" to substantiate such a

-13-

contention.[5]  Further, although Plaintiff has set out a "sufficiently detailed account of his difficulties" with Defendants, he "has not pled any facts which link those difficulties with racial discrimination." Accordingly, Plaintiff's proposed amendment fails to state a claim and therefore is futile.[6]

As a final matter, Defendants have moved to strike portions of Plaintiff's objections to Magistrate Judge Dietrich's recommendation. (Docket Entry 37.) In said motion (as detailed above), Defendants contend that three assertions within those objections constitute factual allegations outside the four corners of Plaintiff's Complaint and thus should be stricken. Defendants filed this motion "pursuant to Fed. R. Civ. P. 12(f) . . . ."

---

[5] The Fourth Circuit has indicated that plaintiffs who simply allege in conclusory terms that they suffered treatment different from similarly situated persons of another race would still fail to state a claim unless such plaintiffs set forth underlying factual allegations that undergirded their general assertion. See, e.g., Francis v. Giacomelli, 588 F.3d 186, 195-96 (4th Cir. 2009) (describing African-American plaintiff's allegation that "defendants have never initiated or undertaken the actions of terminating employment and physically removing [white] employee[s]" as "conclusory and insufficient to state a § 1981 claim" and "nothing more than the sort of unadorned allegations of wrongdoing to which *Twombly* and *Iqbal* are directed" in ruling that plaintiff's § 1981 count "does not on its face state a plausible claim for relief"); Jordan, 458 F.3d at 347 (holding that African-American plaintiff's "new allegations" that, "in firing him, his managers treated him more harshly than they did white employees," even if considered part of complaint, "are not fair inferences inasmuch as they are mere speculation and argument . . . that do not provide support for a statement of claim" in "affirm[ing] the district court's order dismissing [plaintiff's] discrimination claim under 42 U.S.C. § 1981"). As noted above, in this case, Plaintiff has not even made a general allegation that, during the years he applied, Defendants admitted similarly-qualified applicants of other races; accordingly, the Court need not rely on the lack of "factual matter" showing such disparate treatment to find Plaintiff's Complaint deficient.

[6] Because the futility of Plaintiff's proposal is clear, the Court will not address Defendants' other arguments against amendment (i.e., dilatoriness by Plaintiff and unfair prejudice to Defendants) (see Docket Entry 43 at 9-11).

-14-

(Docket Entry 38 at 1.)  Said rule authorizes a court to "strike <u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).  Although the term "pleading" is sometimes used loosely to refer to any filing in a court case, under the Rules, "pleading" is a term of art.  Fed. R. Civ. P. 7(a).  An objection to a magistrate judge's recommendation does not represent one of the items in the Rules' definition of "pleading."  <u>See</u> <u>id.</u> Rule 12(f) thus does not appear to provide a vehicle for striking portions of Plaintiff's objections.

Further, the Court need not enter an order striking the challenged portions of Plaintiff's objections to prevent the prejudice about which Defendants complain.  In their response to Plaintiff's objections (Docket Entry 39), Defendants make clear that:  1) the allegations at issue do not constitute part of Plaintiff's Complaint; and 2) said allegations should not play any role in the assigned United States District Judge's de novo evaluation of whether, as Magistrate Judge Dietrich determined, Plaintiff failed to state a claim.  The assigned District Judge can assess that matter directly rather than through the prism of an order from the undersigned Magistrate Judge striking this material (and, presumably, Plaintiff's objection thereto).  No purpose would be served by injecting an additional layer of order and objection

into the case, particularly where (as here) the procedural rule invoked by Defendants (Rule 12(f)) does not clearly apply.[7]

## **CONCLUSION**

The Court will deny Defendants' Motion to Strike (Docket Entry 37) as procedurally flawed and substantively unnecessary. In addition, Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry 40) will be denied as futile.[8]

---

[7] Defendants' instant motion also may be moot because the "new" material about which they complain would not appear to affect the viability of Plaintiff's claims. The first two challenged matters in the objections seem to reflect an effort by Plaintiff to convert his rejection from the Law School into "state action" based on the Law School's receipt of government funding. (Docket Entry 37 at 1.) However, the Supreme Court has held that "a school's receipt of public funds does not make the [school's] decisions acts of the State." Rendell-Baker v. Rohn, 457 U.S. 830, 840 (1982). Plaintiff's other "new" assertion in his objections is that Defendant Woodlief "purposely advised [Plaintiff] to attend GTCC's Paralegal Program with no intention of admitting him." (Docket Entry 37 at 1.) As discussed at length above, in the absence of some allegation that applicants outside Plaintiff's protected class were treated differently than Plaintiff in connection with the paralegal program, further development of this aspect of the Complaint would not make Plaintiff's claims viable.

[8] An order will be used to carry out this denial because 28 U.S.C. § 636(b)(1) does not identify motions to amend as among the pretrial matters that magistrate judges must address by recommendation. See Everett v. Cherry, 671 F. Supp. 2d 819, 821 n.4 (E.D. Va. 2009) ("Section 636(b)(1) enumerates those pre-trial matters that, if referred to a magistrate judge, must be reviewed de novo by a district judge upon objection. The Court will not make the unprincipled decision to rewrite the statute, adding 'motions to amend' to those pre-trial matters, for that is the province of Congress."). See also Aluminum Co. of America, Badin Works v. EPA, 663 F.2d 499, 501 (4th Cir. 1981) (observing that "exceptions [in 28 U.S.C. § 636(b)(1)(A)] are motions which Congress considered to be 'dispositive'"); Fed. R. Civ. P. 72(a) (providing that, in considering objections to magistrate judge's order on "pretrial matter not dispositive of a party's claim or defense," district judge must "modify or set aside any part of order that is clearly erroneous or is contrary to law"). The two circuit courts that have squarely confronted this issue in published opinions have endorsed this approach. See Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) (rejecting reasoning in various district court opinions "that by declaring a proposed amendment futile, the magistrate judge . . . has decided the amendment fails to state a claim, thus making the decision dispositive," as incompatible with "the magistrate judge's statute, 28 U.S.C. § 636"); Maurice v. State Farm
(continued...)

Case 1:08-cv-00582-WO-LPA   Document 48   Filed 04/19/10   Page 16 of 17

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike (Docket Entry 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry 40) is **DENIED** as futile.

```
                              /s/ L. Patrick Auld
                              L. Patrick Auld
                     United States Magistrate Judge
```
April 19, 2010

---

[8](...continued)
Mut. Auto. Ins. Co., 235 F.3d 7, 9 & n.2 (1st Cir. 2000) (holding that "magistrate judge had the authority to decide the motion to amend [by which plaintiffs sought to add new count] outright"). Two other circuit courts have clearly described motions to amend as "nondispositive" in the course of analyzing related issues. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent." (emphasis added)); PYCA Indus., Inc. v. Harrison County Waste Water Mgt. Dist., 81 F.3d 1412, 1420-21 (5th Cir. 1996) (describing litigant's "motion to amend its pleading to include additional claims of fraud and conspiracy" as "nondispositive motion" and observing that district court "noted the nondispositive nature of the motion" by applying Rule 72(a) standard of review). The approach taken in this district appears to have varied. Compare, e.g., Robinson v. Harvey, No. 1:05CV355, 2007 WL 5029289, at *1, 8-9 (M.D.N.C. June 21, 2007) (unpublished) (stating that "Order of the Magistrate Judge denying Plaintiff's Second Motion to Amend is AFFIRMED," where magistrate judge denied plaintiff's request to add new claims, including because "amendment of the Complaint would be futile due to Plaintiff's failure to plead with specificity" (internal citation omitted)) and Jadali v. Alamance Regional Med. Ctr., 225 F.R.D. 181, 186 (M.D.N.C. 2004) (order by magistrate judge "that plaintiff's motion to amend his complaint be, and the same hereby is, denied for being futile"), ruling upheld, 399 F. Supp.2d 675, 679 (M.D.N.C. 2005) with McKnight v. James, No. 1:08CV406, 2009 WL 806584, at *1, 7 (M.D.N.C. Mar. 27, 2009) (unpublished) (describing motion to amend complaint as dispositive motion and recommending denial for futility) and Nixon v. Alan Vester Auto Group, Inc., No. 1:07CV839, 2009 WL 382743, at *3 (M.D.N.C. Feb. 12, 2009) (unpublished) ("Plaintiff's Motion to Amend has been reviewed *de novo* and is DENIED for the reasons stated in the [Magistrate Judge's] Memorandum Opinion and Recommendation."). In practice, the distinction between order and recommendation may make little, if any, difference in this context; the assigned District Judge's review of the undersigned Magistrate Judge's legal conclusion that Plaintiff's proposed amendment fails to state a claim likely would take the same shape whether conducted under the "contrary to law" provision of Section 636(b)(1)(A) (applicable to non-excepted pretrial rulings) or under the de novo standard that governs review of recommendations under Section 636(b)(1)(B). See, e.g., Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.").